NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: : <br> : <br> MELINDA HANDEL : <br> : <br> Debtor : <br> _____ : <br> : <br> BINDER AND BINDER, P.C. : <br> : <br> Plaintiff-Appellant, : <br> : <br> v. : <br> : <br> MELINDA HANDEL, AND JO ANNE B. : <br> BARNHART, COMMISSIONER OF : <br> THE SOCIAL SECURITY : <br> ADMINISTRATION : <br> : <br> Defendant-Appellees. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 06-0541(DMC) <br><br><br> On Appeal of Order in: <br> *Adversary Pro. No.* 03-2882 (DHS) <br> *Bankruptcy Case No.* 03-38931 (DHS) <br> Chapter 7 <br> Sat Below: Hon. Donald M. Steckroth |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before the Court on appeal of Binder and Binder, P.C. ("Binder" or "Appellants") from the orders entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") on October 4, 2005 and December 2, 2005, dismissing the adversary complaint as to the Commissioner of the Social Security Administration ("SSA") and determining that Binder did not have an enforceable attorney charging lien as to Melinda Handel's ("Handel") Social Security payments. No oral argument was heard on this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated below, this Court dismisses Plaintiff-Appellant's appeal because the contested decisions of the Bankruptcy Court are not yet ripe for this Court's review.

## I. BACKGROUND

### A. Facts

Binder and Handel entered into a Social Security Retainer Agreement on January 13, 1998 wherein the firm agreed to represent Handel in her social security disability action. Appellant's Br. 3-4. Binder was successful in its representation of Handel, and she was awarded past-due benefits in the sum of $68,150 by an award letter on March 6, 2002. Id. at 4.

The Social Security Administration notified Binder that the firm was awarded $4,000 in fees as reasonable compensation for services rendered by Binder, which the SSA subsequently increased to $14,000. Id. Despite the fact that the SSA recognized that Binder was entitled to $14,000 in fees, the SSA only retained $4,000 of the past-due benefit award Id. Handel filed a Chapter 7 petition and the debt owed to Binder was discharged. As such, Binder has only been paid $4,000 of the $14,000 attorneys' fee award at this time.

Binder's claim is secured by the SSA disability award. Id. 4-5. Pursuant to the SSA's Programs Operational Manual ("POMS") DG 98-050, the SSA cannot pay any further attorneys fees upon notification of the commencement of a disability claimant's bankruptcy case unless the Bankruptcy Court issues an order providing that the attorneys fees are exempt or not affected by the issuance of the discharge order.

### B. Procedural History

Appellant commenced an adversary proceeding in the Bankruptcy Court to challenge the non-receipt of attorney's fees. The Bankruptcy Court entered orders on October 4, 2005 and December 2, 2005, dismissing the adversary complaint as to the Commissioner and determining that Plaintiff

did not have an enforceable attorney charging lien as to Handel's Social Security payments. Appellant appeals the dismissal of its case to this Court pursuant to 28 U.S.C. § 158. At this time, the adversary proceeding is still on-going as to Handel.

## II. DISCUSSION

### A. Requirements for Appellate Jurisdiction

This Court has jurisdiction to hear final orders from bankruptcy judges. This jurisdiction is granted pursuant to 28 U.S.C. § 158(1), which states in relevant part that:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders and decrees,
>
> of bankruptcy judges in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

From a plain reading of this statute, it is evident that only final judgments of the bankruptcy court are appealable to the district courts. Finality in bankruptcy cases is interpreted "pragmatically" because "these proceedings often are protracted and involve numerous parties with different claims." In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir. 1988). However, "[d]espite that relaxed view of finality in the bankruptcy setting as a whole, the general antipathy towards piecemeal appeals still prevails in individual adversary actions." Id.

The Third Circuit has instructed that courts are to take a "pragmatic view of the finality of bankruptcy appeals." Century Glove, Inc. v. First Am. Bank of New York, 860 F.2d 94, 97 (3d Cir. 1988) (citing In re Brown, 803 F.2d 120, 122 (3d Cir. 1986)). Relevant factors in determining finality include: "the impact on the assets of the bankruptcy estate, the necessity for further fact-finding on remand, the preclusive effect of [the Court's] decision on the merits on further litigation,

3

and whether the interest of judicial economy would be furthered." Century Glove Inc., 860 F.2d at 97. In the context of these considerations, a Court must follow the procedures set forth in Fed. R. Bkr. P. 7054(a) as to the finality of judgments in cases with multiple parties and claims.

When an order is entered in an ongoing bankruptcy case, an appeal of that order is permissible if the bankruptcy court follows the necessary certification procedure as set forth in Fed. R. Bkr. P. 7054(a). That rule tracks the language of Federal Rule of Civil Procedure 54(b):

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court *may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express direction for the entry of judgment*. In the absence of such determination and direction, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

Fed. R. Civ. P. 54(b) (emphasis added). In other words, orders in ongoing bankruptcy proceedings become appealable only when a Bankruptcy court certifies it as final pursuant to 54(b). See Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 640 (3d Cir. 1991).

**III.   ANALYSIS**

Here, Binder appeals from the October 4, 2005 and December 2, 2005 orders of the Honorable Donald H. Steckroth. In issuing these orders, the Bankruptcy Court did not make a certification that these orders were final pursuant to Fed. Bkr. P. 7054(a). Left for decision by the Bankruptcy Court is "whether [Handel] has a non-dischargeable debt that survives the issuance of the discharge order in accordance with the provisions of Section 523 of the

Bankruptcy Code." Appellant's Reply Br. 5.

Appellant characterizes the October 4, 2005 and December 2, 2005 orders as final because they determined that Binder does not possess an enforceable lien or claim that survives the bankruptcy discharge granted to Handel against the SSA and also that POMS 98-050 is lawful as written. Appellee counters that these orders are not final because the Bankruptcy Court has not disposed of the entire case. Specifically, the orders were entered in a still on-going case as to Handel and the Bankruptcy Court did not certify that these orders were final pursuant to Fed. Bkr. P. 7054(a).

The still pending action in the on-going bankruptcy proceeding is clearly intertwined with the issues raised by this appeal. Here, Appellant asks this Court to find, *inter alia*, "whether [Binder] possesses a property right and/or attorneys' lien for the awarded, but unpaid legal fees earned for providing Title II SSA disability claim legal services to the Debtor" and "whether [Binder] had a valid debt for the awarded attorneys' fees that survived the issuance of the discharge of bankruptcy." Appellant's Br. 3. The latter of these issues is identical to the issue still pending before the Bankruptcy Court. Additionally, in order for this Court to decide whether Binder has a property right or lien for the fees, this Court must also necessarily consider whether this debt survives the Chapter 7 discharge granted to Handel. Even if Binder had a property right or lien for to the fees, whether the Chapter 7 discharge had the effect of eliminating Binder's right to the fees is still at issue in this case. As Appellant concedes, the issue of the effect of the discharge on Binder's claim to the fees is still pending before the Bankruptcy Court. See Appellant's Reply Br. 5.

Further, as stated above, Judge Steckroth did not certify these decisions as final. As such, these orders are "subject to revision [by the Bankruptcy Court] at any time before the entry of judgment adjudicating all the claims and the rights and the liabilities of the parties." Fed. R. Civ. P. 54(b). It would be inappropriate for this Court to review a decision of the Bankruptcy Court (1) that has not been certified as final; (2) is subject to revision by the Bankruptcy Court; and (3) is integral to other issues still pending before the Bankruptcy Court.

**IV.     CONCLUSION**

For the reasons stated, Appellant's appeal is **dismissed** because the Bankruptcy Court's October 4, 2005 and December 2, 2005 orders are not yet ripe for review. An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        December   5, 2006
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File